## COUNT TWO
### (Conspiracy to Smuggle Cigarettes into the United States, Traffic in Goods Bearing Counterfeit Marks and Traffic in Contraband Cigarettes )

1.      The Grand Jury re-alleges and incorporates the Introduction and Overt Acts alleged in Count One as if fully set forth herein.

2.      Beginning in or about October 2003, and continuing through the date of this Indictment, in the District of New Jersey, the Eastern District of New York, the Eastern District of Pennsylvania, the Northern District of Illinois, the Central District of California and elsewhere, defendants,

**CO KHANH TANG,**
**a/k/a "Keith,"**
**JYIMIN HORNG,**
**a/k/a "Jimmy,"**
**SHUGIN LIU,**
**a/k/a "Gun-Gor,"**
**a/k/a "John,"**
**PETER CHUN NAM YEUNG,**
**YANG GUANG LU,**
**a/k/a "Eddie Lu,"**
**a/k/a "Lu Guang Yang,"**
**a/k/a "Eric Ho,"**
**a/k/a "Yang Lu,"**
**a/k/a "Mike,"**
**MING GAN ZHANG,**
**CHANG Y. LO,**
**GAO RONG XIAO,**
**a/k/a "Chu,"**
**JIA QI GU,**
**a/k/a "Jin Qi Gu,"**
**a/k/a "George,"**
**WAI LEUNG CHU,**
**a/k/a "Paul,"**
**a/k/a "Paul Chu,"**
**CHICHERIN LEE,**
**a/k/a "Christopher,"**
**ZHI QING WU,**
**JUNRONG HUANG,**

**a/k/a "Hei-Jun"**
**and**
**ALAN HWANG**

did knowingly and willfully conspire and agree with each other and with other unindicted co-conspirators, to commit the following offenses against the United States:

1)     to fraudulently and knowingly import and bring into the United States merchandise, namely, counterfeit and contraband cigarettes, contrary to law, and receive, conceal, buy, sell and in any manner facilitate the transportation, concealment and sale of such counterfeit and contraband cigarettes after importation, knowing the counterfeit and contraband cigarettes to have been imported and brought into the United States contrary to law, contrary to Title 18, United States Code, Section 545;

2)     to intentionally traffic in goods, namely, cigarettes, and knowingly use counterfeit marks on and in connection with such cigarettes, contrary to  Title 18, United States Code, Section 2320(a); and

3)     to unlawfully and knowingly ship, transport, receive, possess, sell, distribute and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341(2), namely, millions of cigarettes, which bear no evidence of the payment of applicable state cigarette taxes, contrary to Title 18, United States Code, Section 2342(a). All in violation of Title 18, United States Code, Section 371.

## COUNTS THREE through SIX
### (Smuggling Counterfeit and Contraband Cigarettes )

1.      The allegations set forth in the Introduction of this Indictment and in the Overt

Acts alleged in Count One are re-alleged and incorporated as if fully set out herein.

2.      On or about the dates alleged below, in the District of New Jersey, the Eastern

District of New York, the Eastern District of Pennsylvania, the Northern District of Illinois, and

elsewhere, the defendants set forth below knowingly, willfully and with intent to defraud the

United States, did smuggle and clandestinely introduce into the United States, merchandise,

namely counterfeit and contraband cigarettes,in the amounts alleged below, which should have

been invoiced and did make out and pass and cause the making out and passing of false, forged

and fraudulent invoices, documents and paper;  and did fraudulently and knowingly receive,

conceal, buy, sell, and facilitate the transportation, concealment and sale of such merchandise

after importation, knowing the counterfeit and contraband cigarettes to have been imported and

brought into the United States contrary to law, in that defendants failed to invoice such

merchandise and did file and pass and cause the filing and passing of false, forged and fraudulent

invoices, documents and paper pertaining to said merchandise, contrary to Title 18, United States

Code, Sections 542:

| Count | Date(s) | Defendant(s) | Number of Cases and Cigarettes |
|-------|---------|--------------|--------------------------------|
| 3 | Between on or about November 11, 2003 through on or about December 10, 2003 | **CO KHANH TANG, PETER CHUN NAM YEUNG, YANG GUANG LU and MING GAN ZHANG** | 1,040 cases; 10,400,000 cigarettes |

| Count | Date(s) | Defendant(s) | Number of Cases and Cigarettes |
|-------|---------|--------------|--------------------------------|
| 4 | Between on or about July 22, 2004 through on or about February 25, 2005 | **CO KHANH TANG,**<br>**PETER CHUN NAM YEUNG,**<br>**YANG GUANG LU,**<br>**CHANG Y. LO,**<br>**WAI LEUNG CHU,**<br>**CHICHERIN LEE,**<br>**ZHI QING WU**<br>**and**<br>**SHUGIN LIU** | 900 cases;<br>9,000,000 cigarettes |
| 5 | Between on or about January 4, 2005 through on or about February 3, 2005 | **CO KHANH TANG,**<br>**PETER CHUN NAM YEUNG,**<br>**GAO RONG XIAO**<br>**and**<br>**JIA QI GU** | 1,081 cases;<br>10,810,000 cigarettes |
| 6 | Between on or about June 10, 2005 through in or about August, 2005 | **CO KHANH TANG,**<br>**JYIMIN HORNG,**<br>**PETER CHUN NAM YEUNG,**<br>**JUNRONG HUANG**<br>**and**<br>**ALAN HWANG** | 889 cases;<br>8,890,000 cigarettes |

In violation of Title 18, United States Code, Sections 545 and 2.

## COUNTS SEVEN through TEN
### (Trafficking in Goods Bearing Counterfeit Marks)

1.      The allegations set forth in the Introduction of this Indictment and in the Overt

Acts alleged in Count One are re-alleged and incorporated as if fully set out herein.

2.      On or about the dates alleged below, in the District of New Jersey, the Eastern

District of New York, the Eastern District of Pennsylvania, the Northern District of Illinois, and

elsewhere, the defendants set forth below did intentionally traffic, attempt to traffic and aid and

abet the trafficking in goods, namely, cigarettes, and did knowingly use and aid and abet the use

of counterfeit marks, as alleged below, on and in connection with such goods, which marks were

identical with and substantially indistinguishable from genuine marks in use and duly registered

for those goods on the principal register in the United States Patent and Trademark Office, and

the use of which marks was likely to cause confusion, to cause mistake and to deceive:

| Count | Date(s) | Defendant(s) | Counterfeit Merchandise and Counterfeit Marks |
|-------|---------|--------------|-----------------------------------------------|
| 7 | Between on or about November 11, 2003 through on or about December 10, 2003 | CO KHANH TANG, PETER CHUN NAM YEUNG, YANG GUANG LU and MING GAN ZHANG | 1,040 cases; 10,400,000 cigarettes Marlboro State Express 555 Hongtashan Septwolves |
| 8 | Between on or about July 22, 2004 through on or about February 25, 2005 | CO KHANH TANG, PETER CHUN NAM YEUNG, YANG GUANG LU, CHANG Y. LO, WAI LEUNG CHU, CHICHERIN LEE, ZHI QING WU and SHUGIN LIU | 900 cases; 9,000,000 cigarettes Marlboro Marlboro Lights Newport 100's |

| Count | Date(s) | Defendant(s) | Counterfeit Merchandise and Counterfeit Marks |
|-------|---------|--------------|------------------------------------------------|
| 9 | Between on or about January 4, 2005 through on or about February 3, 2005 | **CO KHANH TANG, PETER CHUN NAM YEUNG, GAO RONG XIAO and JIA QI GU** | 1,081 cases; 10,810,000 cigarettes duMaurier Lights Player's Lights |
| 10 | Between on or about June 10, 2005 through in or about August, 2005 | **CO KHANH TANG, JYIMIN HORNG, PETER CHUN NAM YEUNG, JUNRONG HUANG and ALAN HWANG** | 889 cases; 8,890,000 cigarettes Newport 100's |

In violation of Title 18, United States Code, Sections 2320(a) and 2.

## COUNTS ELEVEN through NINETEEN
### (Trafficking in Contraband Cigarettes )

1.        The allegations set forth in the Introduction of this Indictment and in the Overt

Acts alleged in Count One are re-alleged and incorporated as if fully set out herein.

2.        On or about the dates alleged below, in the District of New Jersey, the Eastern

District of New York, the Eastern District of Pennsylvania, the Northern District of Illinois, and

elsewhere, the defendants set forth below did knowingly and unlawfully ship, transport, receive,

possess, sell, distribute and purchase and cause the shipment, transport, receipt, possession, sale,

distribution and purchase, of contraband cigarettes, as that term is defined in Title 18, United

States Code, Section 2341(2), in the approximate amount(s) set forth below, which bore no

evidence of the payment of applicable state cigarette taxes for the state(s) alleged below:

| Count | Date(s) and state(s) | Defendant(s) | Number of Cases and Cigarettes |
|---|---|---|---|
| 11 | On or about December 8, 2004; New Jersey | **CO KHANH TANG, PETER CHUN NAM YEUNG and YANG GUANG LU** | 540 cases; 5,400,000 cigarettes |
| 12 | On or about December 10, 2004; New Jersey | **CO KHANH TANG, PETER CHUN NAM YEUNG, YANG GUANG LU and MING GAN ZHANG** | 500 cases; 5,000,000 cigarettes |
| 13 | On or about August 20, 2004; Pennsylvania | **CO KHANH TANG, PETER CHUN NAM YEUNG, YANG GUANG LU and CHANG Y. LO** | 200 cases; 2,000,000 cigarettes |
| 14 | On or about August 27, 2004; Illinois | **CO KHANH TANG and PETER CHUN NAM YEUNG** | 500 cases; 5,000,000 cigarettes |

| Count | Date(s) and state(s) | Defendant(s) | Number of Cases and Cigarettes |
|---|---|---|---|
| 15 | On or about October 1, 2004; Illinois | **CO KHANH TANG and PETER CHUN NAM YEUNG** | 200 cases; 2,000,000 cigarettes |
| 16 | On or about December 30, 2004; Pennsylvania | **CO KHANH TANG, PETER CHUN NAM YEUNG, WAI LEUNG CHU, CHICHERIN LEE and ZHI QING WU** | 107 cases; 1,070,000 cigarettes |
| 17 | On or about February 25, 2004; Pennsylvania | **CO KHANH TANG, PETER CHUN NAM YEUNG, WAI LEUNG CHU and SHUGIN LIU** | 104 cases; 1,040,000 cigarettes |
| 18 | On or about February 3, 2005; New Jersey | **CO KHANH TANG, PETER CHUN NAM YEUNG, GAO RONG XIAO and JIA QI GU** | 1,081 cases; 1,081,000 cigarettes |
| 19 | On or about July 8, 2005; Illinois | **CO KHANH TANG, JYIMIN HORNG, PETER CHUN NAM YEUNG, JUNRONG HUANG and ALAN HWANG** | 300 cases; 3,000,000 cigarettes |

In violation of Title 18, United States Code, Sections 2342(a) and 2.

64

## COUNT TWENTY
### (Conspiracy to Deal in Counterfeit Obligations)

1.      The allegations set forth in the Introduction of this Indictment and in the Overt

Acts alleged in Count One are re-alleged and incorporated as if fully set out herein.

2.      From in or about June 2004, and continuing through the date of this Indictment,

in the District of New Jersey, the Central District of California and elsewhere, defendants

### CO KHANH TANG
### and
### JYIMIN HORNG

did knowingly and willfully conspire and agree with each other and with other unindicted co-

conspirators, to commit an offense against the United States, that is, to sell, transfer and deliver

false, forged, counterfeited and altered obligations of the United States, that is, approximately

$5,354,600 in counterfeit Federal Reserve Notes, with the intent that such counterfeited

obligations be passed, published and used as true and genuine, contrary to Title 18, United States

Code, Section 473.

In violation of Title 18, United States Code, Section 371.

## COUNT TWENTY ONE
### (Dealing in Counterfeit Obligations)

1.      The allegations set forth in the Introduction of this Indictment and in the Overt

Acts alleged in Count One are re-alleged and incorporated as if fully set out herein.

2.      On or about June 10, 2004, in the District of New Jersey, the Central District of

California and elsewhere, defendants

### CO KHANH TANG
### and
### JYIMIN HORNG

did knowingly and willfully sell, transfer and deliver false, forged, counterfeited and altered

obligations of the United States, that is, approximately $300 in counterfeit Federal Reserve

Notes, with the intent that such counterfeited obligations be passed, published and used as true

and genuine.

In violation of Title 18, United States Code, Sections 473 and 2.

## COUNT TWENTY TWO
### (Dealing in Counterfeit Obligations)

1.      The allegations set forth in the Introduction of this Indictment and in the Overt

Acts alleged in Count One are re-alleged and incorporated as if fully set out herein.

2.      On or about October 2, 2004, in the District of New Jersey, the Central District of

California and elsewhere, defendants

## CO KHANH TANG
### and
### JYIMIN HORNG

did knowingly and willfully sell, transfer and deliver false, forged, counterfeited and altered

obligations of the United States, that is, approximately $339,100 in counterfeit Federal Reserve

Notes, with the intent that such counterfeited obligations be passed, published and used as true

and genuine.

In violation of Title 18, United States Code, Sections 473 and 2.

67

## COUNT TWENTY THREE
### (Dealing in Counterfeit Obligations)

1. The allegations set forth in the Introduction of this Indictment and in the Overt

Acts alleged in Count One are re-alleged and incorporated as if fully set out herein.

2. On or about December 17, 2004, in the District of New Jersey, the Central District

of California and elsewhere, defendants

## CO KHANH TANG
## and
## JYIMIN HORNG

did knowingly and willfully sell, transfer and deliver false, forged, counterfeited and altered

obligations of the United States, that is, approximately $3,015,000 in counterfeit Federal Reserve

Notes, with the intent that such counterfeited obligations be passed, published and used as true

and genuine.

In violation of Title 18, United States Code, Sections 473 and 2.

68

## COUNT TWENTY FOUR
### (Dealing in Counterfeit Obligations)

1. The allegations set forth in the Introduction of this Indictment and in the Overt Acts alleged in Count One are re-alleged and incorporated as if fully set out herein.

2. On or about May 24, 2005, in the District of New Jersey, the Central District of California and elsewhere, defendants

### CO KHANH TANG
### and
### JYIMIN HORNG

did knowingly and willfully sell, transfer and deliver false, forged, counterfeited and altered obligations of the United States, that is, $200 in counterfeit Federal Reserve Notes, with the intent that such counterfeited obligations be passed, published and used as true and genuine.

In violation of Title 18, United States Code, Sections 473 and 2.

## COUNT TWENTY FIVE
### (Conspiracy to Import Narcotics)

1.      The allegations set forth in the Introduction of this Indictment and in the Overt

Acts alleged in Count One are re-alleged and incorporated as if fully set out herein.

2.      From in or about July 2004, and continuing through the date of this Indictment, in

the District of New Jersey, the Central District of California and elsewhere, defendants

### CO KHANH TANG
### and
### JYIMIN HORNG

did knowingly and intentionally conspire and agree with each other and with others to import

into the United States from a place outside thereof, namely China, 50 grams or more of d-

methamphetamine hydrochloride ("crystal methamphetamine"), a Schedule II narcotic drug

controlled substance, contrary to Title 21, United States Code, Sections 952(a) and 960(b)(1).

In violation of Title 21, United States Code, Section 963.

70

## COUNT TWENTY SIX
### (Importation of Narcotics)

1.      The allegations set forth in the Introduction of this Indictment and in the Overt

Acts alleged in Count One are re-alleged and incorporated as if fully set out herein.

2.      On or about December 17, 2004, in the District of New Jersey, the Central District

of California and elsewhere, defendants

### CO KHANH TANG
### and
### JYIMIN HORNG

did knowingly and intentionally import into the United States from a place outside thereof,

namely China, 50 grams or more of d-methamphetamine hydrochloride ("crystal

methamphetamine"), a Schedule II narcotic drug controlled substance.

In violation of Title 21, United States Code, Sections 952(a) and 960(b)(1) and Title 18,

United States Code, Section 2.

71

## COUNTS TWENTY SEVEN through FORTY FOUR
### (Laundering Monetary Instruments)

1.       The allegations set forth in the Introduction of this Indictment and in the Overt

Acts alleged in Count One are re-alleged and incorporated as if fully set out herein.

2.       On or about the dates listed below, in the District of New Jersey, and elsewhere,

JYIMIN HORNG, knowingly and with the intent to promote the carrying on of specified

unlawful activities, namely dealing in counterfeit obligations of the United States contrary to

Title 18, United States Code, Section 473;  engaging in brokering activities with respect to the

import and transfer of foreign defense articles, contrary to Title 22, United States Code, Section

2778, and Title 22, Code of Federal Regulations, Sections 121.1, 127.1(a), 129.3, 129.6 and

129.7; and unlawfully importing firearms into the United States, contrary to Title 18, United

States Code, Section 922(l), did transmit and transfer, cause to be transmitted and transferred,

and attempt to transmit and transfer, the following amounts of U.S. currency from a place in the

United States to and through a place outside the United States:

| Count | Date | Amount | Description |
|-------|------|--------|-------------|
| 27 | On or about August 24, 2004 | **$29,000** | Wire transfer from New Jersey to Macau, China of funds representing a portion of the down payment for the purchase of approximately $339,100 in counterfeit currency |
| 28 | On or about August 24, 2004 | **$21,000** | Wire transfer from New Jersey to Macau, China of funds representing a portion of the down payment for the purchase of approximately $339,100 in counterfeit currency |

| Count | Date | Amount | Description |
|-------|------|--------|-------------|
| 29 | On or about October 19, 2004 | $50,000 | Wire transfer from New Jersey to Macau, China of funds representing the final payment for the purchase of approximately $339,100 in counterfeit currency |
| 30 | On or about November 1, 2004 | $154,000 | Wire transfer from New Jersey to Macau, China of funds representing the down payment for the purchase of approximately $1,015,000 in counterfeit currency |
| 31 | On or about January 4, 2005 | $150,000 | Wire transfer from New Jersey to Macau, China of funds representing the final payment for the purchase of approximately $1,015,000 in counterfeit currency |
| 32 | On or about March 7, 2005 | $20,000 | Wire transfer from New Jersey to Macau, China of funds representing partial payment for the purchase of approximately $2,000,000 in counterfeit currency |
| 33 | On or about March 16, 2005 | $70,000 | Wire transfer from New Jersey to Macau, China of funds representing partial payment for the purchase of approximately $2,000,000 in counterfeit currency |
| 34 | On or about March 25, 2005 | $60,000 | Wire transfer from New Jersey to Macau, China of funds representing partial payment for the purchase of approximately $2,000,000 in counterfeit currency |

| Count | Date | Amount | Description |
|-------|------|--------|-------------|
| 35 | On or about March 29, 2005 | $50,000 | Wire transfer from New Jersey to Macau, China of funds representing a down payment for the purchase of weapons |
| 36 | On or about April 5, 2005 | $55,000 | Wire transfer from New Jersey to Macau, China of funds representing partial payment for the purchase of approximately $2,000,000 in counterfeit currency |
| 37 | On or about April 13, 2005 | $40,000 | Wire transfer from New Jersey to Macau, China of funds representing partial payment for the purchase of approximately $2,000,000 in counterfeit currency |
| 38 | On or about April 20, 2005 | $55,000 | Wire transfer from New Jersey to Macau, China of funds representing partial payment for the purchase of approximately $2,000,000 in counterfeit currency |
| 39 | On or about April 29, 2005 | $50,000 | Wire transfer from New Jersey to Macau, China of funds representing partial payment for the purchase of approximately $2,000,000 in counterfeit currency |
| 40 | On or about May 11, 2005 | $55,000 | Wire transfer from New Jersey to Macau, China of funds representing partial payment for the purchase of approximately $2,000,000 in counterfeit currency |

| Count | Date | Amount | Description |
|-------|------|--------|-------------|
| 41 | On or about May 20, 2005 | $40,000 | Wire transfer from New Jersey to Macau, China of funds representing partial payment for the purchase of approximately $2,000,000 in counterfeit currency |
| 42 | On or about May 31, 2005 | $60,000 | Wire transfer from New Jersey to Macau, China of funds representing partial payment for the purchase of approximately $2,000,000 in counterfeit currency |
| 43 | On or about June 14, 2005 | $95,000 | Wire transfer from New Jersey to Macau, China of funds representing partial payment for the purchase of approximately $2,000,000 in counterfeit currency |
| 44 | On or about July 12, 2005 | $100,000 | Wire transfer from New Jersey to Macau, China of funds representing a deposit for the purchase of approximately $2,000,000 in counterfeit currency |

In violation of Title 18, United States Code, Sections 1956(a)(2) and 2.

## COUNT FORTY FIVE
### (Laundering Monetary Instruments)

1.      The allegations set forth in the Introduction of this Indictment and in the Overt

Acts alleged in Count One are re-alleged and incorporated as if fully set out herein.

2.      From on or about March 17, 2005 to on or about March 22, 2005, in the District

of New Jersey, the Eastern District of New York, the Central District of California and

elsewhere, defendants,

### CO KHANH TANG
### and
### SHUGIN LIU

knowing that the property involved in the financial transaction represented the proceeds of some

form of unlawful activity, and knowing that the transaction was designed in whole or in part to

conceal and disguise the nature, location, source, ownership, and control of the proceeds of

specified unlawful activity, did knowing and willfully conduct, attempt to conduct and cause the

conducting of a financial transaction affecting interstate and foreign commerce, specifically, the

receipt, transfer, delivery and other disposition of approximately $40,000 in United States

currency, involving the proceeds of specified unlawful activity, namely, trafficking in contraband

cigarettes contrary to Title 18, United States Code, Section 2342.

In violation of Title 18, United States Code, Sections 1956(a)(1) and 2.

## COUNT FORTY SIX
### (Conspiracy to Distribute Narcotics)

1.     The allegations set forth in the Introduction of this Indictment and in the Overt

Acts alleged in Count One are re-alleged and incorporated as if fully set out herein.

2.     From in or about March 2005 through the date of this Indictment, in the District of

New Jersey, the Eastern District of Pennsylvania, and elsewhere, defendants

### CO KHANH TANG
### and
### SHUGIN LIU

did knowingly and intentionally conspire and agree with each other and with other unindicted co-

conspirators to distribute and to possess with intent to distribute quantities of 3,4-

methylenedioxymethamphetamine ("MDMA"), namely ecstasy, a Schedule I narcotic drug

controlled substance, contrary to Title 21, United States Code, Sections 841(a) (1) and (b)(1)(C).

In violation of Title 21, United States Code, Section 846.

77

## COUNT FORTY SEVEN
### (Distribution of Narcotics)

1.      The allegations set forth in the Introduction of this Indictment and in the Overt

Acts alleged in Count One are re-alleged and incorporated as if fully set out herein.

2.      On or about May 25, 2005, in the District of New Jersey and elsewhere,

defendants

## CO KHANH TANG
### and
## SHUGIN LIU

did knowingly and intentionally distribute and possess with intent to distribute a quantity of 3,4-

methylenedioxymethamphetamine ("MDMA"), namely ecstasy, a Schedule I narcotic drug

controlled substance.

In violation of Title 21, United States Code, Sections 841(a) (1) and (b)(1)(C), and Title

18, United States Code, Section 2.

78

## COUNT FORTY EIGHT
### (Distribution of Narcotics)

1.      The allegations set forth in the Introduction of this Indictment and in the Overt

Acts alleged in Count One are re-alleged and incorporated as if fully set out herein.

2.      On or about June 10, 2005, in the District of New Jersey and elsewhere,

defendants

### CO KHANH TANG
### and
### SHUGIN LIU

did knowingly and intentionally distribute and possess with intent to distribute a quantity of 3,4-

methylenedioxymethamphetamine ("MDMA"), namely ecstasy, a Schedule I narcotic drug

controlled substance.

In violation of Title 21, United States Code, Sections 841(a) (1) and (b)(1)(C) and Title

18, United States Code, Section 2.

## COUNT FORTY NINE
### (Conspiracy to Import Foreign Defense Articles, Transport Prohibited Weapons Without a License and Transfer Machine Guns)

1.     The Grand Jury re-alleges and incorporates the Introduction and Overt Acts alleged in Count One as if fully set forth herein.

2.     Beginning in or about July 2004, and continuing through the date of this Indictment, in the District of New Jersey, the Central District of California and elsewhere, defendants

### CO KHANH TANG
### and
### JYIMIN HORNG

did knowingly and willfully conspire and agree with each other and with others unknown to the grand jury to commit the following offenses against the United States, that is:

1)     knowingly and willfully engage in the business of brokering activities with respect to the import and transfer of foreign defense articles which were non-United States defense articles of a nature described on the United States Munitions List, without having first registered with and obtained from the Department of State's Directorate of Defense Trade Controls a license for such brokering or written authorization for such brokering, contrary to Title 22, United States Code, Section 2778(b)(1) and (c), Title 22, Code of Federal Regulations, Sections 121.1, 127.1(a), 129.3, 129.6 and 129.7;

2)     to knowingly and willfully transport in interstate and foreign commerce from Country 1 and elsewhere to the United States firearms, namely destructive devices, as defined in Title 18, United States Code, Section 921(a)(4) and machine guns, as defined in Title 26, United States Code, Section 5845(b), specifically, 50 40mm rocket launchers, 75 individual anti-tank rocket launchers, 100 7.62mm silenced sub-machine guns and 1200

7.62mm automatic rifles, without the specific authorization of the Attorney General,

contrary to Title 18, United States Code, Section 922(a); and

3)      to knowingly and willfully transfer machine guns, as defined in Title 26, United States

Code, Section 5845(b), namely, approximately 100 7.62mm silenced sub-machine guns

and 1200 7.62mm automatic rifles, contrary to Title 18, United States Code, Section

922(o).

All in violation of Title 18, United States Code, Section 371.

## COUNT FIFTY
### (Unlawful Brokering with Respect to the
### Import and Transfer of Foreign Defense Articles)

1.     The Grand Jury re-alleges and incorporates the Introduction and Overt Acts alleged in Count One as if fully set forth herein.

2.     From in or about July 2004, and continuing through the date of this Indictment, in the District of New Jersey, the Central District of California and elsewhere, defendants,

### CO KHANH TANG
### and
### JYIMIN HORNG

did knowingly and willfully engage in the business of brokering activities with respect to the import and transfer of foreign defense articles, namely 50 40mm rocket launchers, 75 individual anti-tank rocket launchers, 100 7.62mm silenced sub-machine guns, 1200 7.62mm automatic rifles and 100 7.62mm silenced pistol of foreign origin, which were non-United States defense articles of a nature described on the United States Munitions List, without having first registered with and obtained from the Department of State's Directorate of Defense Trade Controls a license for such brokering.

In violation of Title 22, United States Code, Section 2778(b)(1) and (c), Title 22, Code of Federal Regulations, Sections 121.1, 127.1(a), 129.3 and 129.6 and Title 18, United States Code, Section 2.

### COUNT FIFTY-ONE
### (Unlawful Brokering with Respect to the
### Import and Transfer of Foreign Defense Articles)

1.      The Grand Jury re-alleges and incorporates the Introduction and Overt Acts alleged in Count One as if fully set forth herein.

2.      From in or about July 2004, and continuing through the date of this Indictment, in the District of New Jersey, the Central District of California and elsewhere, defendants,

### CO KHANH TANG
### and
### JYIMIN HORNG

did knowingly and willfully conduct brokering activities with respect to the import and transfer of foreign defense articles, which were non-United States defense articles of a nature described on the United States Munitions List, from another country to the United States, without having first obtained prior written approval from the Department of State's Directorate of Defense Trade Controls.

In violation of Title 22, United States Code, Section 2778(b)(1) and (c), Title 22, Code of Federal Regulations, Sections 121.1, 127.1(a) and 129.7, and Title 18, United States Code, Section 2.

## SECOND FORFEITURE ALLEGATION

1.      The allegations set forth in the Introduction of this Indictment and in the Overt Acts alleged in Count One are re-alleged and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 982(a)(2)(B) and § 981(a)(1)(c), Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of one or more of the offenses alleged in Counts 3 through 6 Counts 20 through 24 of this Indictment, the defendants named in those counts shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property that constitutes or is derived from proceeds the defendant obtained directly or indirectly, as a result of such violation, including but not limited to the property listed in paragraph 6 below.

3.      Upon conviction of one or more of the offenses alleged in Counts 7 through 19, and Counts 49 through 51 of this Indictment, the defendants named in those counts shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of such violations, including but not limited to the properties listed in paragraph 6 below.

4.      Upon conviction of one or more of the offenses alleged in Counts 25 and 26 and Counts 46 through 48 of this Indictment, the defendants named in those counts shall forfeit to the United States pursuant to 21 U.S.C. § 853 any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations, including but not limited to the properties listed in paragraph 6 below.

84

5.      Upon conviction of one or more of the offenses alleged in Counts 27 through 45 of this Indictment, the defendants named in those counts shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) all right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956 for which the defendant is convicted, and all property traceable to such property, including the following:

> a) all money or other property that was the subject of each
>
> transaction, transportation, transmission or transfer in violation of
>
> Section 1956;
>
> b) all commissions, fees and other property constituting proceeds
>
> obtained as a result of those violations; and
>
> c) all property used in any manner or part to commit or to facilitate
>
> the commission of those violations.

6.      The property the United States intends to forfeit, on the bases described in paragraphs 2 through 5 above, includes, but is not limited to:

> a) A sum of money equal to $5,000,000, the total amount of money
>
> involved in each offense, or conspiracy to commit such offense, for
>
> which each defendant is convicted. If more than one defendant is
>
> convicted of an offense, the defendants so convicted are jointly and
>
> severally liable for the amount involved in such offense.
>
> b) All funds or other monetary instruments representing proceeds or traceable
>
> thereto, credited to the following bank accounts and any other bank accounts
>
> identified later into which funds were deposited constituting, or traceable to,
>
> proceeds obtained as a result of those violations:

i. Account 01-111-014350-7 in the name of Lee Kan Sing Ken, located at the Bank of China, Macau Branch, No. 323 Avenue Doutor Mario Soares, Macau;

ii. Account 1001-162708-106 in the name Chun Chi Liu, located at the International Bank of Taipei, Macau Branch, Avenida do Infante D. Henrique, 52-58, Macau.

7.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

A TRUE BILL

FOREPERSON

CHRISTOPHER J. CHRISTIE
United States Attorney

CASE NUMBER: _____

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

CO KHANH TANG, a/k/a "Keith,"
JYIMIN HORNG, a/k/a "Jimmy,"
SHUGIN LIU, a/k/a "Gun-Gor," a/k/a "John,"
PETER CHUN NAM YEUNG,
YANG GUANG LU, a/k/a "Eddie Lu," a/k/a "Lu Guang
   Yang," a/k/a "Eric Ho," a/k/a "Yang Lu,"
   a/k/a "Mike,"
MING GAN ZHANG,
CHANG Y. LO,
GAO RONG XIAO, a/k/a "Chu"
JIA QI GU, a/k/a "Jin Qi Gu," a/k/a "George,"
WAI LEUNG CHU, a/k/a "Paul," a/k/a "Paul Chu,"
CHICHERIN LEE, a/k/a "Christopher,"
ZHI QING WU,
JUNRONG HUANG, a/k/a "Hei-Jun,"
and
ALAN HWANG

INDICTMENT FOR
18 U.S.C. § 1962 (d)
18 U.S.C. § 371
18 U.S.C. § 473
18 U.S.C. § 545
18 U.S.C. § 1956
18 U.S.C. § 2320
18 U.S.C. § 2342
18 U.S.C. § 2
18 U.S.C. § 982
18 U.S.C. § 1963
21 U.S.C. § 841
21 U.S.C. § 846
21 U.S.C. § 952
21 U.S.C. § 963
21 U.S.C. § 2778
22 C.F.R. § 121.1, 127.1, 129.3, 129.6 & 129.7

A True Bill,

_____
Foreperson

CHRISTOPHER J. CHRISTIE
U.S. ATTORNEY
NEWARK, NEW JERSEY
973-645-2824

STEPHEN J. TAYLOR AND HALLIE MITCHELL,
ASSISTANT U.S. ATTORNEYS

USA-48AD 8 (Ed. 1/97)